FILED'10 FEB 5 13:07USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


LYNDA DIXON,                              09-CV-24-BR

          Plaintiff,                      OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

          Defendant.


BRUCE W. BREWER
419 Fifth Street
Oregon City, OR 97045
(503)722-8833

          Attorney for Plaintiff

KENT ROBINSON
Acting United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053


1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**THOMAS M. ELSBERRY**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

  Attorneys for Defendant

**BROWN, Judge.**

  Plaintiff Lynda Dixon seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

  For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

  Plaintiff filed an application for DIB on June 20, 2006, alleging a disability onset date of December 14, 2005. Tr. 61.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a

---

  [1] Citations to the official transcript of record filed by the Commissioner on May 8, 2009, are referred to as "Tr."

2 - OPINION AND ORDER

hearing on January 16, 2008.  Tr. 25-60.  At the hearing,
Plaintiff was represented by an attorney.  Plaintiff and a
vocational expert (VE) testified.

The ALJ issued a decision on March 21, 2008, in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 14-24.  Pursuant to 20 C.F.R. § 404.984(d),
that decision became the final decision of the Commissioner on
November 3, 2008, when the Appeals Council denied Plaintiff's
request for review.


## BACKGROUND

Plaintiff was born on August 6, 1949, and was 58 years old
at the time of the first hearing.  Tr. 28, 61.  Plaintiff
completed high school.  Tr. 28.  Plaintiff has past relevant work
experience as a fast-food service manager and cook.  Tr. 22.

Plaintiff alleges disability due to arthritis in her right
knee, migraines, and a back condition.  Tr. 104.

Except when noted, Plaintiff does not challenge the ALJ's
summary of the medical evidence.  After carefully reviewing the
medical records, this Court adopts the ALJ's summary of the
medical evidence.  *See* Tr. 20-22.


## STANDARDS

The initial burden of proof rests on the claimant to

3 - OPINION AND ORDER

establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,*

4 - OPINION AND ORDER

466 F.3d at 882.  The Commissioner's decision must be upheld even

if the evidence is susceptible to more than one rational

interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir.

2005).  The court may not substitute its judgment for that of the

Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.

2006).


## DISABILITY ANALYSIS

**I.    The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential

inquiry to determine whether a claimant is disabled within the

meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir.

2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially

dispositive.

In Step One, the claimant is not disabled if the

Commissioner determines the claimant is engaged in substantial

gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*,

454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R.

§ 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the

Commissioner determines the claimant does not have any medically

severe impairment or combination of impairments.  *Stout*, 454 F.3d

at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commis-

5 - OPINION AND ORDER

sioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

6 - OPINION AND ORDER

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 14, 2005. Tr. 19.

At Step Two, the ALJ found Plaintiff has the severe impairment of mild osteoarthritis of the right knee. Tr. 19. The ALJ found Plaintiff's mild chronic obstructive pulmonary disorder (COPD) is not severe and Plaintiff's alleged migraines

7 - OPINION AND ORDER

and back condition are not medically determinable.  Tr. 20.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 20.  The ALJ found Plaintiff has the RFC to lift and/or to carry 20 pounds occasionally and 10 pounds frequently; to stand and/or to walk six hours in an eight-hour work day; to sit six hours in an eight-hour work day; and to crawl and to climb stairs, ramps, ladders, ropes, and scaffolds occasionally. Tr. 20.

At Step Four, the ALJ found Plaintiff is not capable of performing her past relevant work.  Tr. 23.

At Step Five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy. Tr. 23-24.  Accordingly, the ALJ found Plaintiff is not disabled.


## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony; (2) improperly rejected the opinion of Theron C. Tilgner, D.O.; (3) posed an insufficient hypothetical to the VE; and (4) failed to develop the record fully.

I.   **The ALJ provided specific and legitimate reasons supported
     by substantial evidence in the record for rejecting
     Dr. Tilgner's opinion that Plaintiff suffers moderate
     osteoarthritis in her right knee.**

Plaintiff contends the ALJ erred when he rejected the
opinion of Dr. Tilgner that Plaintiff suffers moderate
osteoarthritis in her right knee.

On January 9, 2007, Dr. Tilgner, treating physician, found
Plaintiff's August 28, 2006, x-ray showed "some moderate
osteoarthritis." Tr. 211. The ALJ rejected Dr. Tilgner's
opinion because the radiologist who took the x-ray on which
Dr. Tilgner relied interpreted the x-ray as showing only "mild
spurring" and concluded Plaintiff suffers only "mild
osteoarthritis" in her right knee. Tr. 21, 182. In September
2006, Chelsey R. Hansel, P.A.-C, also found Plaintiff's August
2006 x-ray showed only mild spurring and opined Plaintiff might
have suffered a ligament tear. Tr. 201. The ALJ also pointed
out that Kurt Brewster, M.D., examining physician, did "not find
indications for osteoarthritis." Dr. Brewster opined Plaintiff
can walk and/or stand for six hours in an eight-hour work day and
sit without restriction. Tr. 21, 189.

On this record, the Court finds the ALJ did not err when he
rejected Dr. Tilgner's opinion that Plaintiff suffers moderate
osteoarthritis in her right knee because the ALJ provided
specific and legitimate reasons supported by substantial evidence
in the record for doing so.

## II.  The ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments.

Plaintiff alleges the ALJ erred when he failed to provide clear and convincing reasons for rejecting Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments.

In *Cotton v. Bowen*, the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's medically determinable impairment reasonably could be "expected to produce some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." Tr. 21. Plaintiff testified at the hearing that she was unable to function due to knee pain. The ALJ noted, however, Plaintiff reported to Dr. Brewster that she spent an hour each day doing housework and she was not limited in her ability to clean dishes, sweep, or vacuum. Tr. 21, 185. Plaintiff also reported to Dr. Brewster that she could stand one hour per day, walk three to four hours per day, watch television and read five hours per day, and drive weekly without trouble. Tr. 21, 185. Dr. Brewster also opined Plaintiff could walk and/or stand six hours in an eight-hour work day and sit without restriction. Tr. 21, 189.

On this record, the Court concludes the ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairment because the ALJ provided legally sufficient reasons supported by the record for doing so.

**III. The ALJ posed a sufficient hypothetical to the VE.**

At Step Five, the Commissioner must show the claimant can do other work that exists in the national economy. *Andrews v.*

*Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).  The Commissioner can satisfy this burden by eliciting the testimony of a VE with a hypothetical question that sets forth all of the limitations of the claimant.  *Id*.  The hypothetical posed to a VE must only include those limitations supported by substantial evidence in the record.  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 883, 866 (9th Cir. 2006).

Plaintiff contends the ALJ did not pose a sufficient hypothetical to the VE because the ALJ failed to include Plaintiff's limitations as described by Plaintiff.  Because the Court has found the ALJ properly rejected Plaintiff's testimony, the Court concludes the ALJ did not err when he did not include in the hypothetical posed to the VE the limitations as described by Plaintiff in her testimony.

**IV.  The ALJ did not err when he failed to either recontact Dr. Tilgner or to call a medical expert at the hearing.**

Plaintiff contends the ALJ erred when he failed to either recontact Dr. Tilgner or to call a medical expert at the hearing to resolve whether Plaintiff suffers mild or moderate osteoarthritis in her right knee.

The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).  When important medical evidence is incomplete, the ALJ has a duty to recontact the provider for clarification.  20 C.F.R. §§ 404.1527(c)(2).  *See also Brown v. Heckler*, 713 F.2d 441, 443

12 - OPINION AND ORDER

(9th Cir. 1983)(the ALJ has a "special duty to fully and fairly develop the record" even when the claimant is represented by an attorney).  When making disability determinations:

> If the evidence is consistent but we do not have sufficient evidence to decide whether you are disabled, or if after weighing the evidence we decide we cannot reach a conclusion about whether you are disabled, we will try to obtain additional evidence. . . .  We will request additional existing records, recontact your treating sources or any other examining sources, ask you to undergo a consultative examination at our expense, or ask you or others for more information.

20 C.F.R. § 404.1527(c)(3).

Here the ALJ noted Dr. Tilgner did not point to anything in Plaintiff's medical record other than the August 2006 x-ray to support his conclusion that Plaintiff suffers from moderate osteoarthritis.  The ALJ also noted a radiologist, an examining physician, a treating certified physician's assistant, and a reviewing Disability Determination Services (DDS)[2] physician all concluded Plaintiff suffers from only mild osteoarthritis.

On this record, the Court concludes the ALJ did not err when he failed to either recontact Dr. Tilgner or to call a medical expert at the hearing because the record reflects the ALJ had sufficient evidence to properly determine Plaintiff is not disabled.

---

[2] DDS is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

13 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 5th day of February, 2010.


_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER